UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN W. HILL,

        Plaintiff,                CIVIL ACTION NO. 12-cv-13222

        v.                              DISTRICT JUDGE PAUL D. BORMAN

COMMISSIONER OF               MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff John Hill filed this action seeking judicial review of Defendant's decision denying his application for Social Security benefits under 42 U.S.C. § 405(g). (Docket no. 1.) The Court remanded the matter for further administrative proceedings. (Docket no. 22.) Before the Court is Plaintiff's Attorneys' Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b). (Docket no. 27.) Defendant filed a Response to the Motion. (Docket no. 30.) The Motion has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(b). (Docket no. 28.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

I.      RECOMMENDATION

It is recommended that Plaintiff's Attorneys' Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b) (docket no. 27) be **GRANTED** and that Plaintiff's attorneys be awarded $13,332.15 in attorney fees pursuant to 42 U.S.C. § 406(b). It is further recommended that Plaintiff's attorneys be ordered to refund the $6,500.00 EAJA fee award to Plaintiff.

## II. REPORT

### A. Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on March 22, 2010, alleging disability beginning July 17, 2009. (TR 111-19.) The Social Security Administration denied benefits, and Plaintiff filed a request for a *de novo* hearing. (TR 82-89, 97-98.) On February 7, 2011, Plaintiff appeared with counsel in Detroit, Michigan, and testified at a hearing held by Administrative Law Judge (ALJ) Michael R. Dunn. (TR 46-71.) Vocational Expert (VE) Pauline McEachin also appeared and testified at the hearing. (TR 71-79.) In an April 5, 2011 decision, the ALJ found that Plaintiff was not entitled to disability benefits because the evidence showed that Plaintiff was capable of performing his past relevant work as a floor supervisor. (TR 11-18.) The Appeals Council declined to review the ALJ's decision (TR 1-4), and Plaintiff filed a complaint for judicial review (docket no. 1). The parties then filed cross Motions for Summary Judgment. (Docket nos. 14 and 18.)

On February 18, 2014, the Court entered an Order granting Plaintiff's Motion for Summary Judgment, denying Defendant's Motion for Summary Judgment, and remanding this matter for further proceedings under 42 U.S.C. § 405(g). (Docket no. 22.) On May 29, 2014, upon stipulation of the parties, the Court awarded $6,500.00 in attorney fees and expenses to Plaintiff under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Docket no. 26.) Plaintiff prevailed on the remand of his claim, and the Commissioner awarded Plaintiff and his child past-due benefits in excess of $50,000.00, withholding $13,332.15 for attorney's fees. (*See* docket no. 27 ¶ 4; docket no. 27-2 at 3; docket no. 27-3 at 2-3; *see* docket no. 31.) Plaintiff's attorneys then filed this Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b), seeking an attorney fee in the amount of $6,832.15, which is equal to the $13,332.15 withheld from

Plaintiff's past-due benefits less the $6,500.00 EAJA fee award that Plaintiff's attorneys have already received. (Docket no. 27; docket no. 27-4.)

### B. Law and Analysis

Pursuant to 42 U.S.C. § 406(b)(1)(A),

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

The Sixth Circuit has held that "attorneys are entitled to a 'reasonable fee' for work done before the administrative tribunal. For work done before the court, a claimant's attorney is entitled to a reasonable fee 'not in excess of 25 percent' of the total past-due benefits awarded by the court." *Horenstein v. Sec'y of Health and Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994). "[E]ach tribunal may award fees only for the work done before it. . . . [I]n cases where the court remands the case back to the Secretary for further proceedings, the court will set the fee–limited to 25 percent of past-due benefits–for the work performed before it, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings." *Id.*

On June 23, 2010, Plaintiff entered into a contingency fee agreement with the law firm of Provizer & Phillips, P.C. for representation of his claim for benefits. (Docket no. 27-1.) The fee agreement states that as compensation for the services of his attorney, Plaintiff agrees to pay a fee equivalent to the lesser of twenty-five percent (25%) of retroactive benefits obtained for him and/or his family or six thousand dollars ($6,000.00). (*Id.*) The fee agreement further states that

3

"[i]f any . . . appeals are taken, to the . . . Federal Court, . . . , then the fee would be calculated strictly as 25% of retroactive benefits for claimant and family . . . ." (*Id.*)

The Supreme Court has clearly upheld contingent fees in this situation, holding that "[section] 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002). The Court may consider the reasonableness of the fee pursuant to *Rodriquez v. Bowen*, 865 F.2d 739 (6th Cir. 1989). In *Rodriquez*, the Sixth Circuit held that the Court should "begin by using twenty-five percent of the past due benefits as a benchmark. . . . [T]he legislature has drafted the fee provision so that there is a cap of twenty-five percent of the past due benefits allowed for recovery and has inserted the requirement that the court must determine the 'reasonableness' of the award up to that maximum." *Id.* at 746. Next, that court should "look to whether a fee agreement has been executed by the claimant and the claimant's attorney. When two parties enter into such an arm's length agreement, due deference should be given to this expression of the intentions of the parties." *Id.* "The court should give close attention to the agreement between attorney and client. In the event the court chooses not to give effect to the terms of the agreement, it should state for the record the deductions being made and the reasons therefore." *Id.*

The *Rodriquez* court held that deductions for section 406(b) requests should generally fall into two categories. *See id.* First, "those occasioned by improper conduct or ineffectiveness of counsel" and second, "situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.*; *see also Royzer v. Sec'y of Health and Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990) (applying *Rodriquez*). "[A] windfall can never occur when, in a case where a contingent fee contract exists, the

4

hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990), *as clarified on reh'g* (Jan. 23, 1991) (footnotes omitted). In considering the "standard rate" for Social Security appellate work in this market, courts in this district have relied on the 95th percentile figure for hourly billing rates for public benefits attorneys as reported by the State Bar of Michigan, which was most recently reported at $395.00. *See Sykes v. Comm'r of Soc. Sec.*, No. 12-14874, 2015 WL 7008572, at *5 (E.D. Mich. Nov. 12, 2015) (Lawson, J.) (citing State Bar of Michigan, Economics of Law Practice in Michigan, at 11 (2014), http://www.michbar.org/pmrc/articles/0000152.pdf.) (finding hypothetical rate of $620.54 per hour to be reasonable); *see also Drenning v. Comm'r of Soc. Sec.*, No. 12-13470, 2014 WL 4705113, at *4 (E.D. Mich. Sept. 21, 2014) (Cook, J.) ($691 per hour).

The Court finds first, that counsel was not ineffective in this matter; to the contrary, Plaintiff's attorneys secured Plaintiff's award of benefits. Second, the Court finds that a windfall would not occur in this matter if Plaintiff's attorneys were awarded the requested fees. Plaintiff's attorneys are experienced and established social security attorneys, one of whom has over thirty years of experience in litigating Social Security appeals, is a past president of the National Organization of Social Security Claimant's Representatives (NOSSCR), and has authored Social Security publications. (Docket no. 27-4 at 7-8.) Moreover, Plaintiff's attorneys assert that they spent 45.9 hours on this matter at the District Court level. (*See* docket nos. 24-3 and 24-4.) Twenty-five percent of Plaintiff's past-due benefits, $13,332.15, when divided by 45.9 hours of work, would be equivalent to an hourly rate of approximately $290.00, which, under *Hayes*, is reasonable and not a windfall. Furthermore, Plaintiff does not contest the

5

amount of attorney fees requested by his attorneys. Accordingly, it is recommended that Plaintiff's attorneys be awarded attorney fees in the amount of $13,332.15 under 42 U.S.C. § 406(b).

Plaintiff has already been awarded attorney fees and expenses in the amount of $6,500.00 pursuant to § 2412(d) of the EAJA. (Docket no. 26.) "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796. Plaintiff's attorneys have received the $6,500.00 in EAJA fees awarded to Plaintiff for representing Plaintiff in the same court proceedings. (Docket no. 27 ¶ 7.) Therefore, it is recommended that Plaintiff's attorneys' total award of attorney fees under § 406(b) and the EAJA be offset by the lesser of the two awards: $6,500.00.

    **C.**    **Conclusion**

It is recommended that Plaintiff's Attorneys' Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b) (docket no. 27) be **GRANTED** and that Plaintiff's attorneys be awarded $13,332.15 in attorney fees pursuant to 42 U.S.C. § 406(b). It is further recommended that Plaintiff's attorneys be ordered to refund the $6,500.00 EAJA award to Plaintiff.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638

F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: April 13, 2016          s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: April 13, 2016          s/ Lisa C. Bartlett
                               Case Manager

7